IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:11CR196 |
| | § | |
| MELVIN ANTONIO BENITEZ (26) | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
DENYING DEFENDANT'S MOTION TO SUPPRESS**

The Court has considered Defendant Melvin Antonio Benitez's Motion to Suppress Oral Statements (Dkt. 859), the motion having been referred by the Honorable Richard A. Schell (*see* Dkt. 865). After considering the evidence presented and the arguments of counsel, the Court finds that the motion should be DENIED.

In his less than two-page motion, Defendant argues that any statements taken from him, on October 19, 2011, after his arrest in this matter, were obtained without an attorney present and that they were thus taken in violation of his Fifth, Sixth and Fourteenth Amendment rights and should be suppressed. Defendant argues that the statements were made as a the result of pressure or coercion by the law enforcement agents and were therefore taken in violation of his right against self-incrimination and right to counsel.

The Fifth Amendment protects an individual's right to be free from compelled self-incrimination. Thus, the Government may use at trial only those confessions that are voluntarily made. 18 U.S.C. § 3501(a); *Malloy v. Hogan*, 378 U.S. 1, 6, 84 S. Ct. 1489, 12 L. Ed.2d 653 (1964).

In order for the Government to introduce Defendant's statement, it generally must prove that the accused voluntarily, knowingly and intelligently waived his *Miranda* rights. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). To prove a valid waiver, the Government must show that the relinquishment of the defendant's rights was voluntary and the defendant was fully aware that the right was being waived and the consequences of waiving that right. *Id.*

The Court held a hearing on Defendant's motion on July 22, 2013. At the hearing, the Government offered the testimony of Special Agent Mosezell Magee with the Federal Bureau of Investigation, who assisted the lead investigator in the case by conducting an interview of Defendant after his arrest. Defendant did not present any witnesses or evidence.

Special Agent Magee testified that, on October 19, 2011, Defendant was arrested on an indictment and brought to an FBI Dallas facility. Magee then conducted an interview with Defendant in the presence of two FBI linguists who had participated in the case investigation.

According to Magee, Defendant was interviewed in a smaller room containing a table and chairs. Magee testified that Defendant was not handcuffed but was shackled during the interview. Magee and the linguists were dressed in street clothes and were not armed while speaking with Defendant.

Magee testified that Defendant did not appear to be under the influence or any drugs or narcotics at the time of the interview and appeared to understand what was happening. According to Magee, Defendant did not make any requests for restroom or water breaks but facilities were available to him near the interview room.

Magee testified that, at the beginning of the interview, he began reading Defendant his *Miranda* rights from a standard form, but Defendant stopped Magee, indicating that he had already been read his rights earlier that day. Magee showed Defendant a copy of the waiver form, and Defendant acknowledged that he had previously read and signed a copy of that form.

Magee conceded that he did not check to see if Defendant had actually signed a copy of the *Miranda* waiver form. However, according to Magee, he knew that Defendant had a criminal history and it was subsequently verified that, during an interview in an unrelated matter, Defendant had previously been read his rights, received and read a copy of the *Miranda* waiver form, and signed the waiver form. Based on Defendant's actions, history and statements, Magee determined that Defendant was aware of and had waived his rights.

According to Magee, Defendant then told Magee that he wished to proceed with the interview without an attorney present. Magee testified that no promises were made in exchange for Defendant speaking with him.

Magee proceeded to ask Defendant several questions and played Defendant several recordings of previous phone conversations acquired through wiretaps on Defendant's phone. According to Magee, Defendant identified himself as one of the voices on the recordings. Defendant also briefly described how he first became involved in narcotics trafficking, and denied filling narcotics orders for Mexican drug cartels. Magee completed the interview and placed Defendant in a holding area at the FBI Dallas facility. According to Magee, the interview lasted approximately 20 minutes.

Having considered the testimony presented, the Court finds that Defendant made a knowing and voluntary waiver of his *Miranda* rights. The interview conditions were not coercive and nothing about the testimony indicates that Defendant was coerced or threatened by law enforcement officers during the interview. Defendant's conduct and statement at the beginning of the post-arrest interview indicated that he was aware of his rights, including his right to counsel and his right to silence, and knowingly waived them. The Government has satisfied its burden of showing that Defendant knowingly and voluntarily waived his rights and the Court finds that Defendant was fully aware that the right was being waived and the consequences of waiving that right. Therefore, there is no basis for suppression.

## RECOMMENDATION

The Court recommends that the District Court **DENY** Melvin Antonio Benitez's Motion to Suppress Oral Statements (Dkt. 859).

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within the time period set forth above shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 22nd day of July, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE